Day, J.
The only material question presented in this case, *325 (arising on demurrer to the original petition), is whether the plaintiff was entitled to recover in an action brought for the possession of lands, upon the following facts:
On the 12th day of June, 1830, David Evans made his will devising all his property, real and personal, to his wife, the defendant, Abigail, who afterward became the wife of James Anderson. The testator died July 7, 1830, seized of the premises in controversy. On the 7th day of October following, the will was admitted to probate. On the 4th day of December, 1830, the said Abigail was delivered of a son, begotten by the said David Evans. Other than this, the testator had no child at the time of the execution of the will, or at his death. This son died February 24, 1853, intestate, leaving the plaintiff with others, who have conveyed to him, his heirs at law.
In the common pleas the demurrer was overruled, and the plaintiff recovered judgment, which was reversed by the district court, for error in overruling the demurrer; and this petition in error is brought to reverse the judgment of the district court.
The act under which this will was made and admitted to probate, was that of 1824 (Chase’s Stat. 1305). The fifth section of this act provides: “That any last will and testament, or any clause thereof, shall be revoked by the testator destroying, canceling or obliterating the same, or causing it to be done in his presence, or by subsequent will, codicil, or instrument made as aforesaid, or when the testator had no child at the time of executing such will, and shall afterward have a child; in either case, such last will or codicil shall be void.”
It is claimed that this posthumous child of David Evans, born on the 4th day of December, was in being on the 12th day of June previous, when the will was executed, and that, therefore, the will does not come within the provisions of this statute.
If the being of the child at that time be conceded, it is reasonable to presume that the testator, since he made no provision for *326 it, was ignorant of the fact, and, therefore, a different construction would better illustrate the wisdom and policy of the statute
It is doubtless “ a well-settled rule of law relative to succession, and to most other cases in relation to infants, that a child in ventre sa mere, as to every purpose where it is for the benefit of the child, is to be considered in esse.” Marsellis v. Thulhimer, 2 Paige, 39. But the reason of the rule forbids its application in this case; for, the construction claimed defeats the estate of the child.
Again, it is claimed that, if the posthumous child was entitled to the property in controversy, under this statute, inasmuch as the will has been admitted to probate, and has not been contested by direct impeachment, the effect of the probate is to vest the title in the mother, and that this title can not be impeached without a contest of the will as provided by statute.
This is claimed chiefly because a will must be proved before it is effective as a muniment of title, and, because it is declared by the eighteenth section of the act,, that this judicial proceeding, called “ the probate” shall be “forever binding,” unless contested within the time, and in the manner, therein provided. Undoubtedly, as held in the case of Baily v. Baily, (8 Ohio Rep. 19), where the probate of the will is to be impeached, or its validity is to be attacked on account of a defective execution, or on grounds that existed, and were cognizable by the court, when it was proved, in either case it must be done by direct contest. But, it must be observed that there is a wide distinction between such a case and this. This will was properly admitted to record. The “ probate ” may remain “ forever binding,” for all proper purposes ; but the effect of the will is, by force of the statute, revoked and rendered void by the happening of an event since the will was proved, an event in no way.impeaching the probate, or any fact found by the court, required by the statute to admit it to record. The probate did not strengthen the title, but it gave the will effect as evidence, and made it available. The proper *327 execution of the will was thus established against all the world, but the title conveyed by it is quite a different matter. Who shall take the estate or who not, was not passed on by the probate court. This can only be determined by the law, which declares the effect of the will. The devisee held the title, under a valid will, subject to the condition imposed by the statute, that the will should become “void” oh the birth of a subsequent child. The will was executed subject to the contingency of being avoided by the birth of a child. It was admitted to probate subject to the same contingency. The will was good until the birth of the child. If he had not been born alive, it would still be good. By his birth the will became void; not by reason of an erroneous probate, or the want of any fact necessary to be proved as a foundation of that judicial sentence. This sentence is, therefore, immaterial. It can not in any way affect the rights of the subsequent child, which sprung into existence only at its birth. Nor can it control the effect of the will, which depends on this circumstance. With this fact, the will has no effect, it is defeated by a condition subsequent; without it, the estate remains in the devisee. The court was not called on to impeach the sentence of probate, but simply to declare the effect of the will in its relation to the parties.
Numerous errors are assigned upon the record of the court of common pleas in the defendant’s petition in error to the district court, but they relate to matters of form; and, upon the whole record, it does not affirmatively appear that any erroneous ruling of the court was prejudicial to the substantial rights of the defendants. It does, however, appear from the whole record, that the judgment of the court of common pleas was right, and that of the district court reversing it was, therefore, erroneous.
The judgment of the district court is reversed, and that of the common pleas affirmed.
Brinkerhoee, C J., and Scott, White, and Welch, JJ., concurred.